UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADVANCED MICRO DEVICES, INC., et al.,

        Plaintiffs,

    v.

LG ELECTRONICS, INC., et al.,

        Defendants.

Case No.  14-cv-01012-SI

**ORDER GRANTING DEFENDANTS' MOTION TO STAY**

Re: Dkt. Nos. 67, 78, 90, 97

Currently before the Court are defendants' motion to stay the proceeding pending *inter partes* review, plaintiffs' motion to strike defendants' infringement contentions, plaintiffs' motion to amend their own infringement contentions, and for leave to file an objection and sur-reply in opposition to the motion to stay. Docket Nos. 67, 78, 90, 97.  Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and hereby VACATES the February 13, 2015, hearing on these motions.  For the reasons set forth below, the Court GRANTS Defendant's motion to stay.

**BACKGROUND**

In the present action, Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies ULC (collectively, "AMD") filed a complaint on March 5, 2014, accusing Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG") of infringing nine U.S. patents.[1]  The AMD patents-in-suit generally relate to consumer

---

[1] AMD has asserted infringement of U.S. Patent Nos. 6,889,332 ("the '332 patent"), 6,895,520 ("the '520 patent"), 6,897,871 ("the '871 patent"), 7,327,369 ("the '369 patent"), 7,742,053 ("the '053 patent"), 5,898,849 ("the '849 patent"), 6,266,715 ("the '715 patent"), 6,784,879 ("the '879 patent"), and 7,095,945 ("the '945 patent") (collectively, "the AMD patents-

*United States District Court*
*Northern District of California*

electronic device technologies, including semiconductor design, graphic and video processing, communications networks, and user interface. LG answered the complaint on June 16, 2014, asserting counterclaims for declaratory judgment of noninfringement and invalidity, and alleging that AMD infringes on four LG patents.[2] The initial case management conference took place on July 18, 2014, where the Court set a technology tutorial for March 25-26, 2015, a claim construction hearing for April 1-2, 2015, and a further case management conference for April 24, 2015. To date, the parties have exchanged initial disclosures, infringement and invalidity contentions, and initial written discovery requests. Fahrenkrog Decl. ¶¶ 12-19, 22-30. In addition, the parties have served proposed claim terms for construction, exchanged preliminary constructions and supporting evidence, and filed a joint claim construction statement. Fahrenkrog Decl. ¶¶ 35-37; Dkt. No. 81.

On December 10, 2014, LG filed ten petitions for *inter partes* review ("IPR") at the U.S. Patent and Trademark Office ("PTO"), challenging the patentability of at least all asserted claims of the nine AMD patents-in-suit.[3] Barnes Decl. ¶¶ 2-11. The PTO must issue a decision on whether to institute the IPRs no later than June 10, 2015. *See* 37 C.F.R. § 42.107(b) ("The [patent owner's] preliminary response must be filed no later than three months after the date of a notice indicating that the request to institute an *inter partes* review has been granted a filing date."); 35 U.S.C. § 314(b) (requiring the PTO to determine whether to institute an IPR within three months after receiving a preliminary response, or if no preliminary response is filed, within three months after the last date on which such response may be filed). If the IPR is instituted, the PTO is required to issue its final written decision in the IPR within one year of the institution date, with a six-month extension available only upon a showing of good cause. 37 C.F.R. § 42.100(c).

---

in-suit").

[2] LG has asserted infringement of U.S. Patent Nos. 6,639,998 ("the '998 patent"), 7,636,863 ("the '863 patent"), 7,664,971 ("the '971 patent"), and RE43,184 ("the '184 patent") (collectively, "the LG Patents-In-Suit").

[3] Each of LG's ten IPR petitions was accorded a filing date of December 10, 2015: IPR2015-00323, IPR2015-00324, IPR2015-00326, IPR2015-00327, IPR2015-00330, IPR2015-00325, IPR2015-00328, IPR2015-00329, IPR2015-00322, and IPR2015-00321.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").  In determining whether to grant a stay pending PTO review, courts consider three main factors:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013).

"There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *ESCO Corp. v. Berkeley Forge & Tool, Inc.*, No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009) (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F.Supp.2d 660, 662 (E.D.Tex.2005)); *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations.").  However, "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011).  This policy stems from recognition that granting a stay can "avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply . . . avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination." *Id.* (internal citations omitted).

**DISCUSSION**

**I.      Stage of Litigation**

The first issue to be considered in determining whether to grant a stay pending IPR is whether discovery is complete and whether a trial date has been set.  To date, the parties have exchanged initial disclosures and discovery requests, served infringement and invalidity contentions, and produced thousands of documents.  Although discovery is underway, it is far from complete and no deadlines have been set.  Moreover, a trial date has not been set, no expert reports have been served, no depositions have been taken, and no claim construction briefs or summary judgment motions have been filed.

AMD argues that "[t]his case is not in the early stages of litigation. Rather, significant substantive fact discovery and claim construction work has occurred and is ongoing . . . ." Dkt. No. 83, Pl. Opp. at 4.  The Court disagrees, finding that while discovery and claim construction work has occurred, there has been no material progress in the litigation.  Between the complaint and the counter-claims, this case involves thirteen patents, sixty-five asserted claims, and 530 accused products; even the initial discovery and claim construction work is expected to be significant in this complex patent infringement lawsuit.  "When, as here, there has been no material progress in the litigation, courts in this district strongly favor granting stays pending *inter partes* [review]."  *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (granting stay pending reexam where plaintiff had served infringement contentions and written discovery); *see also Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007) ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery.").  Considering that the parties have yet to engage in the substantial and costly work of conducting expert discovery and filing summary judgment motions or claim construction briefs, the Court finds that this case is not so far advanced that a stay would be improper.  Accordingly, the Court concludes that this factor weighs in favor of a stay.

United States District Court
Northern District of California

4

## II.     Simplification of Issues

Next, the Court must consider whether the stay would simplify matters at issue in the litigation.  "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."  *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995); *accord Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").  This is particularly true when a party has requested PTO review for each asserted claim in the patent(s)-in-suit.  *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014) (the "simplification factor weighs more strongly in favor of a stay when *all* of the litigated claims are undergoing [administrative review]. But there can still be a simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged.").

Here, LG has sought IPR for all asserted claims from the nine AMD patents-in-suit. Barnes Decl. ¶¶ 2-11; Dkt. No. 83, Pl. Opp'n at 8.  The IPRs could simplify this case by canceling all of the asserted claims, thereby rendering AMD's infringement claims moot.  In the event the PTO cancels or modifies any of AMD's forty-five asserted claims, the scope of this case would be narrowed and simplified.  *See Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013) ("Here, if the PTAB cancels *all* of the asserted claims of the Asserted Patents, this action will be rendered moot.  Should the PTAB cancel or narrow *any* of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified."); *Software Rights Archive*, *LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 ("Although there is no guarantee that an IPR will eliminate all the claims at issue, the higher standard to initiate an IPR . . . gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions.").  On the other hand, if the PTO affirms the asserted claims as patentable, simplification of the issues will still

United States District Court
Northern District of California

5

occur because the PTO's upholding of the claims "is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence." *Internet Patents Corp. v. eBags, Inc.*, No. C 12-03385 SBA, 2013 WL 4609533, at *3 (N.D. Cal. Aug. 28, 2013). Moreover, if the asserted claims survive IPR, the case could be simplified because LG would be bound by the IPR estoppel provisions and thus could not raise before this Court any arguments that it raised or reasonably could have raised in its IPR petition. 35 U.S.C. § 315(e)(2); *see Software Rights Archive*, 2013 WL 5225522, at *2 ("Following a final determination in an IPR, petitioner is estopped from asserting in a later district court or International Trade Commission action that a 'claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review.'") (quoting 35 U.S.C. § 315(e)(2)).

AMD argues that "[a] stay will not help streamline the issues in this case because the PTAB has not yet granted any petition for IPR of any AMD patent." Dkt. No. 83, Pl. Opp. at 15. In this case, a decision on whether to institute the IPRs will issue on or before June 10, 2015. While this earlier stage in the IPR process weighs slightly against a stay, "it is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Pragmatus AV*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011). Should the PTO use the full statutory six months to deny all ten IPR petitions on June 10, 2015, the delay caused by the stay will have been relatively short.

AMD also argues that the possibility of narrowing the issues is only speculative due to the number of patents at issue and the variety of LG's invalidity positions. Dkt. No. 83, Pl. Opp. at 16. The Court disagrees. This case, which involves nine AMD patents-in-suit, forty-five asserted claims, and 324 accused LG products, is precisely the type of complex infringement lawsuit that stands to benefit from the streamlining effects of IPR. Invalidation of even a subset of AMD's forty-five asserted claims would avoid duplicative costs and efforts, and avert the possibility of inconsistent judgments. *See Cypress Semiconductor Corp. v. LG Electronics, Inc.*, No. C 13-4034 SBA, 2014 WL 5477795, at *3 (N.D. Cal. Oct. 29, 2014) (finding that where the case involved six patents-in-suit, "even if some of [the asserted] claims survive IPR, the Court will still benefit from

the PTAB's rulings.").

AMD is correct to note that the IPR petitions and estoppel provisions are limited to invalidity arguments based on patents and printed publications, thus LG will not be estopped from asserting other invalidity arguments in this Court if any of AMD's asserted claims survive IPR. 35 U.S.C. § 311(b) (a petitioner may challenge the patent "only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications."). However, this argument is true in every case where a stay pending IPR is sought. The limitations of IPR estoppel are outweighed by the considerable potential for simplification in this case, because "if the PTAB determines that the Asserted Patents are invalid, the issues of infringement, claim construction, and prior art would be moot." *Evolutionary Intelligence LLC v. Yelp Inc*, No. C-13-03587 DMR, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013). Accordingly, the Court concludes that the potential for streamlining this litigation, considering the complexity of this case, weighs in favor of a stay.

## III.    Undue Prejudice or Clear Tactical Disadvantage

The last factor to be considered is whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  LG states that AMD and LG are not direct competitors; therefore, the only potential prejudice to AMD is delay.  Dkt. No. 87, Df. Reply at 8. AMD argues that a stay will cause undue prejudice because it will delay AMD's recovery of any royalty that AMD would invest into its business.  Dkt. No. 83, Pl. Opp'n at 19.  The Court is not persuaded by AMD's alleged harm because "'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'"  *ESCO Corp.*, 2009 WL 3078463, at *3 (quoting *SKF Condition Monitoring, Inc. v. SAT Corp.*, 2008 WL 706851 at *6 (S.D. Cal. Feb.27, 2008)); *accord Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) ("[T]he likely length of reexamination is not, in itself, evidence of undue prejudice . . . .").  Considering the expedited IPR resolution[4] and the fact that the parties are not competitors, "any harm from the

---

[4] 35 U.S.C. § 316(a)(11) (requiring the PTO to issue the IPR final written decision no later than one year after the date on which the IPR is instituted).

United States District Court
Northern District of California

temporary halt in enforcing Plaintiff's rights in the asserted patents can be addressed through a final damages award." *PersonalWeb Technologies, LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *5 (N.D. Cal. Jan. 13, 2014).

AMD argues that LG created a tactical disadvantage for AMD by waiting to file the IPR petitions until after receiving AMD's proposed claim constructions pursuant to Patent L.R. 4-2. Dkt. No. 83, Pl. Opp'n at 19.  AMD alleges that its tactical disadvantage results from LG relying on certain AMD claim construction positions in the IPR petitions, while denying AMD the opportunity to litigate those positions in this Court.  *Id.* at 20.  When evaluating undue prejudice, "courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent." *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006).  This lawsuit, identifying the nine AMD patents-in-suit, was filed on March 5, 2014.  Dkt. No. 1.  LG filed its invalidity contentions on October 1, 2014, and then filed ten IPR petitions on December 10, 2014, three months before the statutory deadline.[5]  Dkt. No. 87, Df. Reply at 9.  Given the large number of patents and claims at issue, the Court finds that LG acted diligently and reasonably in evaluating whether to file IPR petitions, and then in preparing the ten IPR petitions.  *See Software Rights Archive*, 2013 WL 5225522, at *6 ("Defendants served preliminary invalidity contentions . . . then spent three additional months to prepare and file the IPR petitions, which seems like a reasonable amount of time given the complexity of the claims, prosecution history and prior art at issue.").  The Court finds that LG's conduct does not suggest its decisions were tactical and finds that AMD has not suffered undue prejudice as a result of any delay in filing the IPR petitions.  *See Asetek Holdings, Inc v. Cooler Master Co.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014) ("Provided an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents that have

---

[5]   35 U.S.C. § 315(b) ("An *inter partes* review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent.").

United States District Court
Northern District of California

United States District Court
Northern District of California

1   been asserted in an action does not unduly prejudice the patent owner.").  Accordingly, the Court

2   concludes that this factor also weighs in favor of a stay.

3

4   **IV.     Other Considerations**

5          AMD argues that the three-factor analysis should be considered within "the totality of the

6   circumstances."  Dkt. No. 83, Pl. Opp'n at 19 (quoting *Universal Elecs., Inc. v. Universal Remote*

7   *Control, Inc*., 943 F. Supp. 2d 1028, 1035 (N.D. Cal. 2013)).  Specifically, AMD argues that the

8   "circumstances" include LG's discovery delays and alleged violations of the Patent Local Rules

9   intended to prejudice AMD's claim construction, benefit LG's IPR preparation, and support LG's

10  motion to stay the case pending IPR.  Dkt. No. 83, Pl. Opp'n at 22.   As described above, the

11  Court determined that LG's timing in preparing and filing the IPR petitions was reasonable.  The

12  Court is not convinced that LG's tactical use of discovery and IPR filings resulted in undue

13  prejudice to AMD.  *See Moneycat Ltd v. Paypal Inc*, No. 14-CV-02490-JST, 2014 WL 5689844,

14  at *5 (N.D. Cal. Nov. 4, 2014) (finding that a petitioner's tactical filing choices for PTO review of

15  the patents-in-suit did not result in measureable prejudice to the patent owner).   The Court

16  concludes that there are no other considerations that affect the analysis; all three factors weigh in

17  favor of a stay.

18

19                                   **CONCLUSION**

20         All three factors weigh in favor of staying this action pending IPR.  Accordingly, for the

21  foregoing reasons and for good cause shown, the Court GRANTS LG's motion to stay.[6]  Dkt No.

22  78.  This action is hereby STAYED in its entirety pending the final exhaustion of the ten IPR

23  proceedings.   The Court hereby DISMISSES AMD's motion to strike LG's infringement

24  contentions, and AMD's motion to amend its own infringement contentions without prejudice to

25  refilling upon the stay being lifted.  Dkt. Nos. 67, 97.

26

27         [6] AMD's motion for leave to file a sur-reply is DENIED. Docket No. 90. Nothing in
    AMD's proposed sur-reply, or LG's opposition to the sur-reply would affect the Court's analysis
28  or ultimate conclusion in this matter.

**The parties shall file a joint status report within seven days of the PTO issuing its decision on whether to institute the IPRs challenging the patents-in-suit, informing the Court of the PTO's decision.  In addition, every 90 days the parties shall file a joint status report advising as to the status of the IPR proceeding.**  Because this action is stayed, the case management conference scheduled for April 24, 2015, is vacated. This order resolves Docket Nos. 67, 78, 90, 97.

**IT IS SO ORDERED**.

Dated: February 9, 2015

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California