UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LG ELECTRONICS, INC., et al., <br><br> Defendants. | Case No. 14-cv-01012-SI <br><br> **ORDER RE: DISCOVERY DISPUTE** <br> Re: Dkt. Nos. 70, 117 |

Now before the Court is a letter submitting a dispute between the parties. Dkt. No. 117. This letter revives a discovery-related dispute from 2014, filed prior to the stay of this case. *See id.*; Dkt. No. 70. The parties seek to put in place a stipulated protective order, but cannot agree regarding the provisions limiting disclosure to in-house counsel of information designated "Attorney's Eyes Only."

Advanced Micro Devices, Inc. ("AMD") proposes permitting broad disclosure of "Attorney's Eyes Only" information to up to three designated members of each party's in-house legal teams. Dkt. No. 117-1 at 11-12. Designated in-house counsel must have no involvement in competitive decision-making and disclosure must be reasonably necessary for the litigation. *Id.* at 11. AMD further proposes that if a designating party believes any such information should not be disclosed to in-house counsel, the designating party must identify the sensitive information, explain why it should not be disclosed, and then, if the parties cannot agree, seek a court order protecting the information from disclosure. *Id.* at 13-14.

LG Electronics, Inc. ("LG") proposes allowing disclosure of "Attorney's Eyes Only" information to in-house counsel on a case-by-case basis, upon written request to the designating party. Dkt. No. 117-1 at 14. The written request must set forth the name and address of in-house

counsel and a description of his or her "current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-house Counsel is involved, or may become involved, in any competitive decision-making."[1] *Id.* Presumably, if the parties cannot agree after a written request, the party seeking to disclose the information to in-house counsel would need to pursue a court order permitting disclosure.

The Court finds LG's proposal to be more consistent with protective orders in cases involving highly sensitive information. In-house counsel should not be permitted to review all "Attorney's Eyes Only" information as a matter of right, shifting the burden to the designating party to stop such disclosure from occurring. Instead, the parties should seek permission for In-house Counsel to review certain "Attorney's Eyes Only" information where disclosure is reasonably necessary for the litigation. This more appropriately balances the parties' need for in-house counsel to review only some highly confidential materials in order to monitor ongoing litigation and evaluate settlement discussions with the parties' interest in keeping sensitive information out of the hands of employees involved in competitive decision-making.

The parties shall follow LG's proposal for Paragraph 7.4(a)(1) of the draft stipulated protective order, and, consistent with that, eliminate AMD's proposed Paragraph 7.3(b).

This order resolves Docket Numbers 70 and 117.

**IT IS SO ORDERED**.

Dated: September 27, 2016

SUSAN ILLSTON
United States District Judge

---

[1] This provision tracks the Northern District's model protective order for cases involving patents, trade secrets, or other highly sensitive information.