UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADVANCED MICRO DEVICES, INC., et al.,

    Plaintiffs,

    v.

LG ELECTRONICS, INC., et al.,

    Defendants.

Case No. 14-cv-01012-SI

**ORDER RE: MOTIONS FOR LEAVE TO AMEND**

Re: Dkt. Nos. 184, 188, 201

Before the Court are three motions: (i) AMD's motion for leave to file an amended complaint and infringement contentions to add claims for induced and contributory infringement, Dkt. No. 184; (ii) LG's motion for leave to amend its invalidity contentions, Dkt. No. 188; and (iii) AMD's motion for leave to file a sur-reply, Dkt. No. 201. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for resolution without oral argument. After careful consideration of papers submitted, the Court hereby DENIES AMD's motion for leave to amend, GRANTS IN PART and DENIES IN PART LG's motion for leave to amend, and DENIES AS MOOT AMD's motion for leave to file a sur-reply.

## BACKGROUND

Plaintiffs Advanced Micro Devices, Inc. and subsidiary ATI Technologies ULC (collectively, "AMD") filed this patent infringement suit on March 5, 2014. In the complaint, AMD accused defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG") of infringing nine AMD patents.[1] Compl. (Dkt.

---

[1] U.S. Patent Nos. 6,889,332 ("Helms '332"), 6,895,520 ("Altmejd '520"), 6,897,871 ("Morein '871"), 7,327,369 ("Morein '369"), 7,742,053 ("Lefebvre '053"), 5,898,849 ("Tran

No. 1). LG brought several counterclaims, asserting, among other things, that AMD infringes four LG patents, none of which is relevant to these two motions.

On August 1, 2014, AMD served LG with its Patent Local Rule 3-1 asserted claims and infringement contentions. LG served AMD with its Patent Local Rule 3-3 invalidity contentions on October 1, 2014. From February 2015 to August 2016, the Court stayed this litigation while several of the patents-in-suit underwent *inter partes* review ("IPR"). *See* Dkt. Nos. 99, 112. About four months after the Court lifted the stay, AMD sought leave to amend its infringement contentions to accuse hundreds of additional LG products, most of them released during the stay. *See* Dkt. No. 128. The Court granted AMD's motion, which expanded the number of unique accused LG products in this case to over 800 (represented by 73 exemplar claim charts). Dkt. No. 160.

On April 18, 2017, the Court issued a *Markman* order construing approximately twenty terms across the various patents asserted by both parties. Dkt. No. 176. The Court has not yet set deadlines for close of discovery or a trial date in this matter. At a recent case management conference, the Court ordered the parties to meet and confer to divide up this case, if necessary, for trial.

Both parties now seek to amend portions of their respective Patent Local Rule contentions. Consistent with AMD's proposed amended infringement contentions, AMD also seeks to amend its complaint to include claims for induced and contributory infringement. LG requests leave to amend its invalidity contentions to include additional prior art.

---

'849"), 6,266,715 ("Loyer '715"), 6,784,879 ("Orr '879"), and 7,095,945 ("Kovacevic '945"). Following *inter partes* review, the PTO invalidated all asserted claims of Lefebvre '053, Morein '369, and Altmejd '520, and one or more asserted claims of Morein '871 and Kovacevic '945. *See* Final Written Decisions, Dkt. Nos. 107-7, 107-8, 107-9, 107-10, 107-11. The corresponding legal claims have been dismissed, *see* Dkt. Nos. 124, 138; AMD's proposed amended complaint removes the dismissed patents.

# LEGAL STANDARD

## I. Amendments to Patent Local Rule Contentions

"The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). In contrast to the more liberal policy for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted).

Patent Local Rule 3-6 provides,

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

N.D. Cal. Patent L.R. 3-6.

"The moving party has the burden of demonstrating good cause." *Karl Storz Endoscopy-Am. v. Stryker Corp.*, No. 14-0876-RS (JSC), 2016 U.S. Dist. LEXIS 176876, at *7 (N.D. Cal. Dec. 21, 2016). Good cause exists where the moving party has acted diligently and the opposing party will not be prejudiced. *Id.* The moving party bears the burden of first establishing diligence. *O2 Micro*, 467 F.3d at 1355; *Radware Ltd. v. F5 Networks, Inc.*, No. 13–02021–RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014) ("The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence."). Diligence consists of

two steps: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-1745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Radware*, 2014 WL 3728482, at *1. When the moving party is unable to show diligence, there is "no need to consider the question of prejudice." *O2 Micro*, 467 F.3d at 1368.

"If the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Apple Inc. v. Samsung Elecs. Co. Ltd*, No. 12-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted). "Prejudice is typically found when amending contentions stand[s] to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am.*, 2016 U.S. Dist. LEXIS 176876, at *8. In any case, "[c]ourts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Id.* (citation and internal quotation marks omitted).

## II. Amendments to Complaint

In general, Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Rule 15(a) states that a party may file an amended pleading "once as a matter of course," with certain time restrictions. Fed. R. Civ. P. 15(a)(1). In all other cases, however, a party needs either the opposing party's written consent or leave of court to amend its pleading. Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to give leave "freely . . . when justice so requires." *Id.*

In following Rule 15, courts in the Ninth Circuit typically grant leave with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[R]ule 15's policy favoring amendments to pleadings should be applied with extreme liberality." (internal citations

4

and quotation marks omitted)). The decision to grant leave to amend nevertheless "rests in the sound discretion of the trial court . . . ." *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

A district court may decline to grant leave where the amendment: (1) will cause undue delay; (2) will prejudice the opposing party; (3) is sought in bad faith; or (4) would be futile. *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984) (citations omitted). The party opposing the motion for leave to amend bears the burden of showing why leave to amend should not be granted. *See DCD Programs*, 833 F.2d at 186-87 (citation omitted).

## DISCUSSION

AMD and LG have separately filed motions seeking leave to amend their Patent Local Rule contentions. AMD Mot. (Dkt. No. 184); LG Mot. (Dkt. No. 188). AMD moves to amend the complaint as well as its infringement contentions to add claims alleging indirect infringement as to Loyer '715. LG moves to amend its invalidity contentions with respect to Loyer '715 and Morein '871. The Court will address the parties' motions in turn.

### I. AMD's Motion

AMD requests leave to amend its complaint and infringement contentions to add indirect infringement claims as to Loyer '715.[2] AMD argues that its amendments are responsive to the Court's construction of "selectively programmed for." In the April 18, 2017 *Markman* order, the Court rejected AMD's position that the claim language requires mere capability ("*capable of being set to transfer data via*"), instead construing "selectively programmed for" as "selectively assigned using a sequence of executable instructions to." Dkt. No. 176 at 15-16. AMD argues that, during claim construction briefing, LG revealed a particular noninfringement position: that in order to be "selectively programmed," a device must *actually be programmed* in a certain manner. The parties' dispute on this term focuses on products that, while perhaps not *programmed* when

---

[2] Specifically, AMD wishes to assert claims for induced infringement, 35 U.S.C. § 271(b), and contributory infringement, *id.* § 271(c).

5

1    LG sells them, are automatically programmed once a user turns the product on and uses it in its
2    ordinary and intended manner. AMD seeks to add indirect infringement allegations "merely [to]
3    adapt[] AMD's liability theory to prevent LGE from avoiding liability based on a legal
4    technicality[.]" AMD Mot. at 9.

LG argues that AMD should have asserted its indirect infringement claims from the outset or, at the very least, sought to amend its theories back when the parties exchanged preliminary claim construction positions in late 2014. Indeed, courts in this district expect patent plaintiffs to assert their theories of the case and stick to them, absent good cause to change course. *See Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006) ("The [patent local] rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." (citation omitted)). Amendments that are merely responsive to a defendant's noninfringement theories are often disallowed to avoid a "running dialogue" between parties. *Apple Inc.*, 2013 WL 3246094, at *3 ("[P]arties should proffer all of the theories of infringement that they in good faith believe they can assert."). This is especially true where a plaintiff shifts or expands positions at a late stage. *See id.* ("[T]he infringement contentions should become more specific and fine-tuned as the case progresses, not more sprawling and encompassing.").

AMD's motion is twofold in that AMD seeks to amend: (i) the complaint; and (ii) its Patent Local Rule infringement contentions. Because the Court finds that AMD's amended complaint would be futile if the Court denies leave to amend the infringement contentions, the Court will address AMD's infringement contentions first. *See Logic Devices, Inc. v. Apple, Inc.*, No. 13-2945-WHA, 2014 WL 491605, at *3 (N.D. Cal. Feb. 4, 2014) ("Amendment of the complaint is thus a futile exercise because plaintiff's own infringement contentions lack the very claims plaintiff seeks to add to the complaint.").

### A. Leave to Amend Infringement Contentions

A plaintiff may amend its infringement contentions "upon a timely showing of good cause." N.D. Cal. Patent L.R. 3-6. To demonstrate good cause, the party seeking leave must

make a showing that it "acted with diligence in promptly moving to amend[.]" *O2 Micro*, 467 F.3d at 1363. "If the moving party is able to establish diligence, the Court should then consider prejudice to the non-moving party in determining whether to grant leave to amend." *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-0865-SI, 2014 WL 789197, at *1 (N.D. Cal. Feb. 26, 2014).

### 1. Diligence

AMD argues that it was diligent. According to AMD, it first became aware of LG's noninfringement position (re: capability) during claim construction briefing in February 2017. LG counters that its position on capability should have been apparent from the face of its proposed claim construction, which LG first served on AMD back in 2014, and that AMD should have sought to add its indirect infringement claims long ago. By now, LG argues, AMD's amendments are merely responsive to LG's noninfringement argument, and this is precisely the "running dialogue" courts should avoid with respect to parties' infringement theories. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501-SI, 2017 WL 589191, at *3 (N.D. Cal. Feb. 14, 2017) (citation omitted).

The diligence required for a showing of good cause has two prongs: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered. *See Yodlee, Inc. v. CashEdge Inc.*, No. 05-1550-SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007). "Diligence is a fact intensive inquiry, and courts do not apply a mechanical rule in assessing a party's diligence but instead consider the factual circumstances in total." *Word to Info Inc. v. Facebook Inc.*, No. 15-cv-3485-WHO, 2016 WL 6276956, at *6 (N.D. Cal. Oct. 27, 2016), *appeal docketed*, No. 17-1431 (Fed. Cir. filed Dec. 29, 2016).

Whether or not LG's noninfringement position was facially apparent based on the parties' respective constructions of "selectively programmed for," it seems clear that had the Court adopted AMD's proposed construction, AMD would not be seeking leave to amend its Loyer '715 contentions. In this sense, AMD's amendments are responsive to the Court's claim construction

7

ruling. *See* N.D. Cal. Patent L.R. 3-6 ("[A] claim construction by the Court different from that proposed by the party seeking amendment" "may, absent undue prejudice to the non-moving party, support a finding of good cause[.]").

The Court finds this is a close call. However, since AMD filed is motion 22 days after the Court's claim construction order, the Court finds that AMD was sufficiently diligent in seeking leave to amend.

### 2. Prejudice

The important inquiry in this instance is whether AMD's new indirect infringement theories pose a risk of undue prejudice to LG. LG states that it will be prejudiced by AMD's amendments, and the Court agrees.

First, LG argues that AMD's new theories will require substantial additional discovery. LG argues that the "cumulative effect of AMD's repeated amendments (and other efforts to expand the scope of discovery in this case) has significantly hampered LG's efforts to prepare its defenses," LG Opp'n (Dkt. No. 193) at 16, and that witness' memories on these issues will have faded. AMD counters that issues of knowledge and intent have been in the case all along, because AMD already asserts willful infringement in its operative complaint. The Court agrees that discovery would not be extensively expanded by the new theories (although the standard for enhanced damages is perhaps no longer as rigid as the knowledge or intent requirements for the indirect infringement claims; *cf. Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-34 (2016)). LG also complains that the deadline for LG's disclosures related to advice of counsel has passed, but AMD appears amenable to an extension of any advice of counsel deadlines to accommodate LG's needs.

Second, and to the Court more importantly, LG argues that the case is already too large and unwieldy to permit AMD to add new theories. The Court is acutely aware of the size and complexity of this lawsuit. When the plaintiff's theories shift in a case like this, the claims become a moving target against which the defendant must somehow mount a coherent defense. In February 2017, with the Court's permission, AMD added about 500 unique accused products and

21 claim charts to this case. The Court based its decision – in large part – on the absence of concrete case deadlines and the fact that the case, despite being filed in 2014, was still procedurally young after an 18-month stay. AMD's February 2017 amendments brought the case up to date. With the addition of new products and claim charts, the Court is still struggling to set a definitive case management schedule. In fact, before the next case management conference, the parties have been ordered to meet and confer to craft a plan to present this case to a jury, through multiple trials if necessary. If the case keeps changing, LG will be prejudiced by the sheer size the case threatens to take.

Finally, LG argues that the timing of AMD's amendments is prejudicial. Specifically, LG argues that its claim construction strategy relied on AMD's original complaint and infringement contentions. LG argues that it chose "selectively programmed for" as one of its ten most important terms based, "in part, on its understanding of AMD's infringement contentions, which expressly disavowed any reliance on indirect infringement." LG Opp'n at 16. LG states that if it knew AMD would later add indirect infringement claims, LG might have chosen a different term for the Court's construction. *Id.* at 17. AMD offers no response, focusing instead on issues related to discovery. The Court has no doubt that LG's selection of only ten claims for construction across six unrelated patents was difficult.

The Court finds that given the circumstances of this case and the timing and context of AMD's proposed amendments, LG would be prejudiced by AMD's change of course.

AMD's motion for leave to amend its infringement contentions is DENIED.

### B. Leave to Amend Complaint

Because the Court has denied AMD's request to amend its infringement contentions, the Court finds that AMD's corresponding amendments to the complaint would be futile. Accordingly, AMD's motion for leave to amend the complaint is DENIED.

## II. LG's Motion

LG seeks leave to amend its invalidity contentions for Morein '871 and Loyer '715. With

respect to Morein '871, LG proposes: (i) adding two new prior art references: Kurihara and DiNicola; (ii) adding new citations to previously asserted prior art; and (iii) correcting an alleged mistake in its original contentions. LG argues that the new references and citations are responsive to AMD's amended Morein '871 infringement contentions, which revealed a new infringement theory related to parallel processing. In AMD's original infringement contentions, AMD asserted that a particular claim limitation is met by "multithreading," but omitted references to "parallel processing." After AMD's February 2017 addition of contentions regarding parallel processing, LG seeks to update its Morein '871 invalidity contentions to address parallel processing. With respect to Loyer '715, LG proposes to add a new prior art reference, U.S. Patent No. 5,832,492 to Wooten ("Wooten"). AMD does not oppose LG's request for leave to assert the Wooten reference against Loyer '715. Dkt. No. 204.[3] AMD does, however, oppose LG's request to amend its Morein '871 invalidity contentions.

### A. IPR Estoppel

As an initial matter, the Court must confront the issue of IPR estoppel. AMD briefly raised the specter of estoppel in its opposition; LG is silent on the issue. "Once the PTAB issues its final written decision in an IPR, statutory estoppel bars the petitioner, 'or the real party in interest or privy of the petitioner,' from 'assert[ing] . . . in a civil action . . . that [a] claim is invalid on any ground that the petitioner raised or reasonably could have raised during' IPR." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501-SI, 2017 WL 235048, at *1 (N.D. Cal. Jan 19, 2017) (quoting 35 U.S.C. § 315(e)(2)). LG is thus estopped from raising the references it raised, or reasonably could have raised, during IPR. *See id.*, at *3 (interpreting *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293 (Fed. Cir. 2016), as holding that 35 U.S.C. § 315(e)(2) only applies to grounds instituted).

LG asserted one of its proposed new references, U.S. Patent No. 5,500,939 to Kurihara

---

[3] AMD's proposed sur-reply contains argument relating only to Wooten. Dkt. No. 201. Because AMD no longer opposes LG's addition of Wooten, AMD's motion for leave to file a sur-reply is DENIED AS MOOT.

10

("Kurihara"), during the Morein '871 IPR. The Patent Trial and Appeal Board ("PTAB") instituted IPR on, among others, grounds that claim 20 of Morein '871 is obvious over U.S. Patent No. 5,808,690 to Rich ("Rich") in view of Kurihara, and obvious over U.S. Patent No. 7,015,913 to Lindholm ("Lindholm") in view of Kurihara. *See* IPR Petition, AMD Ex. 3 (Dkt. No. 198-4) at 11-12; Final Written Decision, AMD Ex. 5 (Dkt. No. 198-6) at 3. The PTAB ultimately rejected LG's position and found that claim 20 was not obvious in view of the asserted references. Final Written Decision at 19. LG has now included the same grounds in its proposed amended invalidity contentions in this case. *See* LG Ex. 4 (Dkt. No. 188-6) at 426-32; LG Ex. 7 (Dkt. No. 188-9) at 448-52.

AMD apparently seeks to exclude the Kurihara reference in its entirety. *See* AMD Opp'n (Dkt. No. 198) at 5. The Court finds that IPR estoppel does not effect a bar to LG's assertion of *all* combinations including Kurihara; rather, LG simply may not assert invalidity on grounds raised, or that reasonably could have been raised, during IPR. *See Verinata*, 2017 WL 235048, at *2-3. This includes the assertion of obviousness over Lindholm in view of Kurihara and Rich in view of Kurihara, as well as the assertion of obviousness over Lindholm or Rich as stand-alone references. In this respect, LG's motion is DENIED IN PART.

### B. Other Amendments

As to the remaining amendments LG seeks to make to its Morein '871 contentions, the Court begins its analysis with the proposition that "[i]t is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501-SI, 2014 WL 1648175, at *2 (N.D. Cal. April 23, 2014) (citation omitted). As set forth above, LG must demonstrate good cause to amend.[4]

With the above-noted exceptions related to estoppel, the Court finds that good cause exists for LG to amend its Morein '871 contentions to cover parallel processing. The parties express

---
[4] AMD does not claim that it will be prejudiced by LG's the proposed amendments.

11

divergent viewpoints with respect to LG's diligence (or lack thereof) in discovering and asserting the new references. Assuming only for the sake of argument that LG did not demonstrate sufficient diligence, the court nevertheless "retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Karl Storz Endoscopy-Am.*, 2016 U.S. Dist. LEXIS 176876, at *8. Here, where the Court granted AMD leave to significantly broaden its case through its February 2017 amended infringement contentions, in fairness, LG should be permitted leave to make the adjustments necessary to meet AMD's new contentions. Any purported lack of diligence would be excusable in this instance given the absence of prejudice to AMD. Accordingly, with the exception of those portions barred by statutory estoppel, LG's motion is GRANTED.

**CONCLUSION**

For the foregoing reasons, the Court DENIES AMD's motion for leave to amend its complaint and infringement contentions.

The Court GRANTS IN PART and DENIES IN PART LG's motion for leave to amend its invalidity contentions as follows. LG's motion with respect to Loyer '715 is unopposed and therefore GRANTED. LG's motion with respect to Morein '871 is GRANTED IN PART; LG may amend its invalidity contentions to the extent they do not assert grounds "raised or [that] reasonably could have [been] raised during" *inter partes* review. 35 U.S.C. § 315(e)(2); *Verinata*, 2017 WL 235048; *Shaw*, 817 F.3d 1292.

This order resolves Dkt. Nos. 184, 188, 201.

**IT IS SO ORDERED**.

Dated: June 26, 2017

SUSAN ILLSTON
United States District Judge