UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>  Defendants. | Case No. 14-cv-01012-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. No. 240 |

The Court is in receipt of a joint letter from plaintiffs Advanced Micro Devices, Inc. and ATI Technologies ULC ("AMD") and non-party MSilicon Technology Corp. ("MSilicon"). Dkt. No. 240. AMD seeks an order compelling MSilicon to produce materials responsive to AMD's subpoena for documents. As to almost every AMD document request, MSilicon states that it has no responsive materials in its possession, custody, or control. MSilicon maintains that either (i) its indirect parent company, MStar, or (ii) defendant LG is the proper party from which to seek such discovery. The parties dispute whether MSilicon has "control," in the sense that it has the right to obtain responsive materials from its parent company, MStar.

In the Ninth Circuit, "'[c]ontrol is defined as the legal right to obtain documents upon demand.'" *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). "Ordering a party to produce documents that it does not have the legal right to obtain will oftentimes be futile, precisely because the party has no certain way of getting those documents." *In re Citric Acid Litig.*, 191 F.3d at 1108. "The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control." *Int'l Union of Petroleum & Indus. Workers*, 870 F.2d at 1452 (citation omitted).

Given the limited information available to it, AMD has failed to carry its burden of demonstrating that MSilicon has possession, custody, or control of relevant documents. In response to most document requests, MSilicon states that it does not have possession, custody, or control of responsive materials, and that it has withheld nothing on the basis of objection. *See* Dkt. No. 235-3 at 31-66. The sole exception is Request No. 29, which seeks documents regarding the relationship between MStar and MSilicon. MSilicon believes it has materials responsive to Request No. 29, but withholds them on the basis of various objections. *See id.* at 66-67. MSilicon's objections to Request No. 29 are OVERRULED, and MSilicon is ORDERED to produce responsive documents **within 21 days of the date of this order**.[1] In all other respects, AMD's motion is DENIED at this time.

Should additional information come to light during AMD's deposition of an MSilicon agent(s), AMD may renew this request. Accordingly, AMD's motion to compel is DENIED WITHOUT PREJUDICE.

This order resolves Dkt. No. 240.

**IT IS SO ORDERED**.

Dated:   August 25, 2017

_____
SUSAN ILLSTON
United States District Judge

---

[1] The Court also expects MSilicon to produce responsive materials to Request No. 4, as specified in the parties' joint statement. *See* Dkt. No. 240 at 5 n.2.